Platzer, Swergold,
Goldberg, Katz & Jaslow, LLP
*Proposed Counsel for the Debtors*
475 Park Avenue South, 18th Floor
New York, New York 10016
Tel.: (212) 593-3000
Clifford A. Katz, Esq.
Teresa Sadutto-Carley, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:

246-18 Realty LLC

                  Debtor.
-----------------------------------------------------------x

Chapter 11
Case No. 23-10796 (PB)

-----------------------------------------------------------x
In re:

244/246 Holdco LLC,

                  Debtor.
--------------------------------------------------------

Chapter 11
Case No. 23-10796(PB)

**DECLARATION OF JOSEPH NABAVI PURSUANT TO LOCAL BANKRUPTCY RULE1007-2 OF THE LOCAL BANKRUPTCY RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

     I, JOSEPH NABAVI, declare, pursuant to section 1746 of title 28 of the United States Code, that:

     1.     I am an authorized signatory of the managing member of both 244/246 Holdco LLC (the "Corp. Parent") and 246-18 Realty LLC the "Fee Owner") (collectively, the "Debtors"), each New York limited liability companies. The Fee Owner owns the real property known as and located at 244-246 West 18th Street (the "Property"). The Debtors filed voluntary chapter 11 petitions with

1

the Clerk of this Court on or about May 19, 2023 (the "Petition Date"). I am duly authorized to make this declaration (the "Declaration") on behalf of the Debtors.

2. I am generally familiar with the Debtors' day to day operations, business, and financial affairs, and books and records. I am above eighteen years of age, and I am competent to testify.

3. I submit this Declaration in accordance with Rule 1007-2 of the Local Rules of this court (the "Local Bankruptcy Rules") to assist this court (the "Court") and parties in interest in understanding the circumstances that compelled the commencement of these chapter 11 cases, and in support of the Debtors' petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, all documents available to me and my discussions with other members of the Debtors' management team and counsel. If called as a witness, I could and would testify competently to the facts set forth in this Declaration.

5. Parts I through IV of this Declaration provide an overview of the Debtors' business, events giving rise to the commencement of these chapter 11 cases, the Debtors' capital structure and the Debtor's game plan in these Chapter 11 cases. Part V sets forth the information required by Local Bankruptcy Rule 1007-2.

**I. THE DEBTORS' BUSINESSES**

6. As set forth above, the Fee Owner owns the Property. The Corporate Parent owns the equity in the Fee Owner.

7. The Fee Owner acquired the Property in the November of 2020. The Property is comprised of two residential buildings; one located at 246 West 18th Street, New York, New York

("246") and the second building next door at 244 West 18th Street, New York, New York ("244"). 246 has 14 rental apartments of which 13 are rented. 244 is a single room occupancy building which is currently vacant. As the real estate market changed in the West Chelsea neighborhood of Manhattan and with the development of Hudson Yards, the Debtors elected to attempt to redevelop the 246 and 244 together into first-class modern condominiums (the "Project"). However, the Project faced delays arising from COVID-19 and the inability to relocate certain tenants in 246 from the premises. With tenants continuing to reside in 246, the Debtors were unable to secure construction financing for the Project, necessary to satisfy the 246's loan with Emerald Creek Capital 3 LLC (subsequently held by 244 246 W 18 SME LLC (the "Lender")) which matured on or about December 2022.

8. The Lender scheduled a U.C.C. Sale of the membership interest of the Corporate Parent, which was initially scheduled for April 27, 2023, and subsequently rescheduled for May 19, 2023 at 10 am. While the Debtors' were in discussions with the Lender regarding the possibility of a temporary forbearance and construction financing, the parties were unable to come to an agreement prior to the scheduled sale date, which necessitated the instant bankruptcy filings.

II. **EVENTS LEADING TO THE CHAPTER 11 CASES**

9. In 1994 I purchased 246 through a corporation owned and controlled by me, and ran this 14 unit apartment building. Thereafter on or about 2017 I began discussions with the owner of 244 with respect to the possibly of combining both lots and constructing one condominium complex on the combined lots. In furtherance of this on or about November 2020, the prior owner of 244 agreed to contribute to this project and the Property Owner purchased 244, such that it then owned both 244 and 246. This acquisition was financed by an 8-million-dollar loan made to the Property Owner by Emerald Creek Capital 3 LLC ("Emerald"). The Emerald loan had an initial

3

term of 18 months which was subsequently extended for an additional 8 months to a maturity date of December 2023.

10. During this period, architects were engaged, plans drawn up, initial NYC approvals were secured as well as required permits, initial construction drawing were also obtained. 244 as a single room occupancy building was vacant in 2020, and by October, 2022 all but three tenants had vacated the 246 premises. These three tenants were in rent stabilized units, one was the building super, who agreed to relocate. However, one of the remaining two rent stabilized tenants refused to relocate.

11. Unfortunately, the required next step, obtaining construction financing to satisfy the rapidly maturing Emerald mortgage and note could not be procured while this rent stabilized tenant remained unwilling to vacate the 246 premises. Given that it appeared that it would take some time to get to an agreement with this remaining tenant, 246 chose to re-rent the other apartments with short term leases, so that there would be some income generated to manage, repair and operate the premises.

12. On or about April 26, 2023 an agreement, subject to execution of documents was reached with the recalcitrant tenant which paved the way for lenders to be willing to consider construction financing. Unfortunately, by this time the Emerald loan had matured, and Emerald had called a default in December 2022.

13. Upon information and belief, Emerald sold and assigned the loan to 244 246 W 18 SME LLC (the "Lender").

14. Negotiations between the Debtors and the Lender ensued and documents exchanged, however, the Debtors were unable to reach an agreement with the Lender prior to the scheduled UCC sale of Parent's equity interest in the Fee Owner scheduled for May 19, 2023. Lender declined to postpone the May 19, 2023 UCC sale.

15. As a result, in order to attempt to preserve the Debtors' equity in the Property and complete the construction, the Debtors elected to file these Chapter 11 cases.

### III. PRE-PETITION CAPITAL STRUCTURE AND INDEBTEDNESS

16. The Debtors are privately held limited liability companies. An organizational chart reflecting the corporate structure is annexed hereto as **Exhibit A**. Lender holds a senior mortgage secured by the Property and is owed approximately $8 million.[1]

17. Although the Fee Owner has not obtained a recent formal appraisal of the Property, I understand, based upon broker opinion letters, the Property has a value of at least $10 million.

### IV. THE DEBTORS' GAME PLAN IN THE CHAPTER 11 CASES

18. As set forth above, the Debtors need monies to complete the redevelopment of the Property. To implement this, the Debtors are in discussions with the Lender (who had prior to the Petition Date provided a term sheet), as well as other potential construction lenders.

19. The Debtors are also in discussions with a potential equity investor, to infuse needed equity into the Project.

20. The Debtors intend to finalize a construction loan agreement with the most favorable lender and file a motion with the Court to approve same. Simultaneously, the Debtors are looking for financing sufficient to satisfy the Lender's debt if a construction loan cannot be obtained. If either of those strategies are unsuccessful the Debtors' will market and sell the Property in the Chapter 11 cases, in order to satisfy the claims of creditors.

### V. INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-2

21. I have been advised that Local Bankruptcy Rule 1007-2 requires certain information related to the Debtors which is set forth below.

---

[1] Lender asserts it is owed close to $9 million. The amount of Lender's claim is in dispute.

22. In accordance with Local Bankruptcy Rule 1007-2(a)(3), there has been no prepetition committee of creditors formed in these chapter 11 cases.

23. In accordance with Local Bankruptcy Rule 1007-2(a)(4), **Exhibit B** hereto is a list containing the names, addresses, and, where available, telephone and facsimile numbers of the creditors holding the twenty (20) largest unsecured claims (excluding insiders) against the Debtors.

24. In accordance with Local Bankruptcy Rule 1007-2(a)(5), **Exhibit C** hereto is a list containing the names, addresses, and, where available, telephone and facsimile numbers of the creditors holding the five (5) largest secured claims against the Debtors.

25. In accordance with Local Bankruptcy Rule 1007-2(a)(6), **Exhibit D** hereto is a list containing a summary of the Debtors' assets and liabilities.

26. To the best of my knowledge, none of the Debtors' property is in the possession or control of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

27. In accordance with Local Bankruptcy Rule 1007-2(a)(10), **Exhibit E** hereto is a list providing the location of the Debtors' substantial assets, the location of its books and records, and the value of any assets held by the Debtors outside the territorial limits of the United States.

28. To the best of my knowledge there is no litigation filed in any court against the Debtors.

29. The Debtors' estimate of the cash receipts and disbursements for the 30-day period following the filing of the Chapter 11 is estimated on **Exhibit F**.

30. Joseph Nabavi, is an engineer by training and is the Debtors' senior management. Mr. Nabavi is an officer of the Debtors and will receive $7500 in compensation for the 30 day period following the commencement of the Debtors' chapter 11 cases.

Under 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge and belief.

Executed this 19th day of May 2023

Joseph Nabavi
Authorized Signatory of
*244/246 Holdco LLC and 246-18 Realty LLC*

7

# EXHIBIT A
## ORGANIZATIONAL CHART

| Joseph Nabavi | Neville Grey | Tatsumura Kazuko |
|---|---|---|
| MM/50% \ | 50% | 100% |

| 244/246 JN Realty LLC | | 244 WEST 18TH ST. LLC |

60% \ MM  /40%

244/246 Members LLC

100%

244/246 Holdco LLC

100%

246-18 Realty LLC

**EXHIBIT B**

Fill in this information to identify the case:

Debtor name: 246-18 Realty LLC
United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK
Case number (if known): _____

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| New York City Dept of Finance<br>59 Maiden Lane, 28th Floor<br>New York, NY 10038-4654 | | | | | | $146,562.32 |
| Art of Form Architecture<br>159 Broadway (Route 1100<br>Amityville, NY 11701 | | | | | | $96,299.53 |
| Rosenberg & Estis, P.C.<br>733 Third Avenue, 14th Floor<br>New York, NY 10017 | | | | | | $62,970.95 |
| Georgia Leandrou<br>42-14 Astoria Blvd<br>Astoria, NY 11103 | | | | | | $46,000.00 |
| WSP USA<br>1 Penn Plaza<br>New York, NY 10119 | | | | | | $45,500.00 |
| Cameron Engineering & Assoc<br>1411 Broadway, Suite 610<br>New York, NY 10018 | | | | | | $26,850.00 |
| FNA Engineering Services, P.C.<br>999 Riverview Drive, 2nd Floor<br>Totowa, NJ 07512 | | | | | | $15,100.00 |
| NYC Water Board<br>P.O. Box 11863<br>Newark, NJ 07101-8163 | | | | | | $10,936.46 |

Debtor  246-18 Realty LLC                                   Case number (if known)
       Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Con Edison P.O. Box 1702 New York, NY 10116-1702 | | | | | | $10,040.38 |
| Douglas Elliman Real Estate 1995 Brodway New York, NY 10023 | | | | | | $9,810.00 |
| Emtec Consulting Engineers 3555 Veterans Memorial Hwy Suite M Ronkonkoma, NY 11779 | | | | | | $6,075.00 |
| Bank Direct Capital Finance 1122 Franklin Avenue 2nd Floor Garden City, NY 11530 | | | | | | $3,300.40 |
| Aegean Environmental Services 21-16 80th Street East Elmhurst, NY 11370 | | | | | | $2,246.44 |
| Podell, Schwartz, Schechter 605 Third Avenue New York, NY 10158 | | | | | | $950.00 |
| Efficient Combustion & Cooling 563 Broadway Massapequa, NY 11758 | | | | | | $916.95 |
| Rent Stabilization Assoc NYC 123 William Street, 12th Floor New York, NY 10273-0602 | | | | | | $400.00 |
| Dial-A-Bug Pest Control, Inc. 548 Cherry Avenue Floral Park, NY 11001 | | | | | | $87.10 |
| Spectrum Charter Communications P.O. Box 7186 Pasadena, CA 91109-7186 | | | | | | $77.97 |

# EXHIBIT C

# LIST OF FIVE (5) LARGEST SECURED CREDITORS

## LIST OF CREDITORS HOLDING 5 LARGEST SECURED CLAIMS

*Following is a list of the Debtors' creditors holding the 5 largest secured claims. The list is prepared in accordance with Rule 1007-2(a)(5) of the Local Rules of this Court for the filing in these Chapter 11 cases.*

| NAME OF CREDITORS AND COMPLETE MAILING ADDRESS (INCLUDING ZIP CODE) | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS (INCLUDING ZIP CODE) OF EMPLOYEE, AGENT, OR DEPARTMENT (IF DIFFERENT FROM MAILING ADDRESS) OF CREDITOR FAMILIAR WITH CLAIM | AMOUNT OF CLAIM | DESCRIPTION AND EST. VALUE OF COLLATERAL SECURING CLAIM |
|---|---|---|---|
| 244 246 W 18 SME LLC<br>200 Park Avenue<br>New York, NY 10166 | Eran Silverberg<br>c/o 244 246 W 18SME LLC<br>200 Park Avenue<br>New York, NY 10166<br>Email: esilverberg@sme-capital.com | $8,0000,000 | $8 million dollar mortgage on 244/246 West 18th Street, New York, NY. Est value $10 million |

## DECLARATION UNDER PENALTY OF PERJURY

I, Joseph Nabavi, authorized signature of the Debtors in the above-captioned cases, declare under penalty of perjury that I have read the foregoing list of creditors holding the five (5) largest secured claims and that it is true and correct to the best of my information and belief.

Dated: New York, New York
       May 2023

_____
Joseph Nabavi

# EXHIBIT D

## SUMMARY OF ESTIMATED ASSETS AND LIABILITIES (UNAUDITED)

### ASSETS

| | |
|---|---:|
| Real Property located at 244-246 West 18th Street, New York, NY | $10,000,000.00 |
| **Total Assets** | **$10,000,000.00** |

### LIABILITIES

| | |
|---|---:|
| Mortgage Payable (Secured) | $8,000,000.00 |
| Real Estate Taxes | $146,562.32 |
| Unsecured Trade Claims | $322,341.18 |
| **Total Liabilities** | **$8,468,903.50** |

# EXHIBIT E

| Location of Debtor's Substantial Assets |
|---|
| 244/246 West 18st Street<br>New York, NY |

| Location of Debtor's Books and Records |
|---|
| Jake Demosthenous<br>Direct Management Corp.<br>42-14 Astoria Blvd<br>Astoria, N.Y. 11103 |

# EXHIBIT F

## Initial 30 Day Expenses

| | |
|---|---|
| Super. | $600 |
| Insurance | . $3200 |
| Internet | $80 |
| Con Edison | $4200 |
| Water | $2200 |
| Misc. Repairs | $3000 |
| Exterminator | $100 |
| Management 3% | $1,050 |
| Compensation | $7500 |
| TOTAL | $21,930.00 |