Platzer, Swergold,
Goldberg, Katz & Jaslow, LLP
*Proposed Counsel for the Debtor*
475 Park Avenue South, 18th Floor
New York, New York 10016
Tel.: (212) 593-3000
Clifford A. Katz

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

246-18 Realty LLC,

Debtor.
---------------------------------------------------------x

Chapter 11

Case No. 23-10796 (PB)

Jointly Administered

**APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF AVISON YOUNG AS REAL ESTATE BROKER TO THE DEBTOR PURSUANT TO 11 U.S.C § 327, 328 AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**To:**   **The Honorable Philip Bentley,**
           **United States Bankruptcy Judge**

246-18th Realty LLC Debtor and Debtor in Possession (the "Debtor") of by its attorneys, Platzer, Swergold, Goldberg, Katz, & Jaslow, LLP, seeks the entry of an Order, pursuant to Section 327 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and local rules of this Court authorizing the employment and retention of Avison Young ("Avison Young" or the "Broker") as real estate broker, and respectfully sets forth and represents as follows:

**BACKGROUND**

1.      On May 19, 2023 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.  The Debtor continues to manage its assets and business affairs.

3.  As of the date of this Application, no trustee or examiner or Committee has been appointed in this Chapter 11 case.

4.  Realty acquired the real property known as and located at 244-246 West 18th Street, New York, New York (the "Property") in the November of 2020. Holdco owns the equity in Realty. The Property is comprised of two residential buildings; one located at 246 West 18th Street, New York, New York ("246") and the second building next door at 244 West 18th Street, New York, New York ("244"). 246 has 12 rental apartments of which 11 are rented. 244 is a single room occupancy building which is currently vacant.

## RELIEF REQUESTED

5.  The Debtor desires to employ Avison Young as real estate brokers, pursuant to § 327(a) of the Bankruptcy Code, to market and sell the Property as more fully set forth below.

1.  While the Debtor continues to negotiate with a potential joint venture party with respect to the requirement of 244 246 W 18 SME LLC (the "Prepetition Lender") in order to facilitate a construction loan by an affiliate of the Prepetition Lender, in the event that the Debtor is unable to consummate a transaction whereby the Prepetition Lender is willing to provide the necessary development funds, the Debtor must explore a dual path toward emerging from its Chapter 11 case. This duel path involves the marketing and sale of the Property sufficient to pay the Prepetition Lender in full and fund a confirmable Chapter 11 plan of reorganization.

2.  While the sale of the Property is not the first option toward emerging from Chapter 11, it must be prepared in the event the parties are unable to come to an agreement.

3.  Accordingly, a necessary step is to retain Avison Young as real estate broker for

the Debtor. Avison Young is a well respected and recognized real estate company, made up of well-known and respected real estate professionals.

6. The Debtor seeks, among other things, for Avison Young to market and sell the Property in order to maximize the value of the Debtor's asset and recovery for the benefit of the creditors of the Debtor's estate in the event a transaction with the Debtor's Prepetition Lender for construction financing is not consummated.

7. The Debtor has identified and selected Avison Young (the "Broker") to act as real estate broker for the Debtor in this endeavor, based upon the Broker's experience, reputation and knowledge selling commercial property in New York City. Avison Young has already obtained expressions of interest for the Property in excess of 10 million dollars.

8. The Debtor has negotiated an agreement (the "Agreement") with the Broker, a copy of which is annexed hereto as "Exhibit A". The Agreement is subject to Court approval. While the Court and all interested parties are referred to the Agreement for the precise terms thereof, in general Avison Young will be the exclusive real estate broker for the Debtor earning a commission of 2.5%-3.0% of the Gross Sale Price as defined in the Agreement.

9. The Debtor submits that the sale of the Property would generate substantial net proceeds for the benefit of the estate and its creditors in excess of the amount owed to the Debtor's Prepetition Lender.

10. Accordingly, the Debtor respectfully submits that the retention of the Broker is in the best interests of the bankruptcy estate and its creditors.

11. To the best of the Debtor's knowledge, information and belief, the Broker has no connection with the Debtor's creditors or with any other party in interest herein, their attorneys or accountants. Upon the Declaration of Brandon Polakoff, Principal and Executive Director of

3

Avison Young, dated July 20, 2023, which is annexed hereto as Exhibit "B", the Broker has no adverse interest to the Debtor's estate and will provide valuable services to the Debtor in connection with the sale of the Property.

12. Given the transactional nature of the Broker's engagement, the Broker will not be billing the Debtor by the hour and will not be keeping time records of time spent for professional services in this Chapter 11 case. Furthermore, given the transactional nature of the Broker's services and fee structure, the Broker seeks to be excused from complying with traditional fee application requirements and shall instead seek to be compensated in the course of the approval of any sale of the Property, as an expense of the sale transaction or in accordance such other procedures as may be fixed by order of this Court.

13. Based upon the foregoing, the Debtor submits that the retention of the Broker is in the best interests of the Debtor's estate and seeks Court approval to enter into the Agreement substantially in the form annexed to the Application.

14. No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order authorizing the Debtor to: (a) retain Avison Young as broker for the Debtor, pursuant to the terms and conditions set forth in the Agreement and as stated herein,

(b) enter into the Agreement substantially in the form annexed to the Application, and granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       July 24, 2023

                                        Platzer, Swergold, Levine,
                                        Goldberg, Katz & Jaslow, LLP
                                        *Proposed Attorneys for the Debtor*

                                        By: */s/ Clifford A. Katz*
                                            Clifford A. Katz
                                            475 Park Avenue South, 18th Fl.
                                            New York, New York 10016
                                            Tel.: (212) 593-3000
                                            ckatz@platzerlaw.com

5