Exhibit "B"

Platzer, Swergold,
Goldberg, Katz & Jaslow, LLP
*Proposed Counsel for the Debtor*
475 Park Avenue South, 18th Floor
New York, New York 10016
Tel.: (212) 593-3000
Clifford A. Katz

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

246-18 Realty LLC,

                              Debtor.
---------------------------------------------------------x

                              Chapter 11
                              Case No. 23-10796 (PB)
                              Jointly Administered

**DECLARATION OF BRANDON POLAKOFF SUPPORT OF THE APPLICATION OF THE DEBTOR'S MOTION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AVISON YOUNG AS REAL ESTATE BROKER FOR THE DEBTOR**

Brandon Polakoff, declares the following under penalty of perjury:

    1.    I am an Executive Director and Principal of Avison Young – New York, LLC, a subsidiary of Avison Young (USA) Inc. (together with its parent entities, affiliates, and subsidiaries, collectively "AY") which maintains an office at 500 Fifth Avenue, 4th Floor, New York, New York 10036

    2.    I am authorized to execute this Declaration on behalf of AY, and submit this Declaration pursuant to Sections 327 & 328 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the application (the "Application")[1] of the above-captioned case (the "Debtor") to employ and retain AY to serve as

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

the Debtor's real estate broker as set forth in the Application and the Agreement. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

**A.**     **Scope of Services**

AY will perform services for the Debtor, upon the request of the Debtor, as set forth in the Agreement, including, but not limited to, the following:[2]

(a) marketing the Property;

(b) assistance with negotiations regarding any potential transactions involving the Property;

(c) analysis, valuation of and recommendations regarding offers for transactions involving the Property; and

(d) assistance with consummation of any transactions involving the Property

**B.**     **Professional Compensation**

3. The Agreement provides that AY shall be paid a commission, due in full at the time of closing or transfer of title to the Property, of 2.5%-3.0% of the gross purchase price.

4. AY's compensation is results-oriented and directly related to benefits received by the Debtor's estate. AY will not be compensated based upon time expended. Instead, AY will be compensated based upon a percentage of the gross proceeds of any transactions relating to the Property (subject to the carved out 60 day exclusion). Recording and submission of detailed time entries for services rendered in this case is unnecessary and would be unduly burdensome to AY.

---

[2] The description of the services listed herein is a summary. To the extent that this Application and the terms of their Agreement are inconsistent, the terms of the Agreement shall control.

**C.    Disinterestedness**

5.    AY conducted a review of creditors of and contacts with the Debtor, and certain entities holding large claims against or interests in the Debtor that were made reasonably known to AY. Avison Young – New York, LLC does not have a relationship with any of the parties in matters related to this proceeding.

6.    AY is not a "creditor" within the meaning of Section 101(10) of the Bankruptcy Code. Further, neither I nor any other member of the AY engagement team serving the Debtor; to the best of my knowledge, is a holder of any outstanding debt instruments or other equity interests or securities of the Debtor.

7.    As such, to the best of my knowledge, AY is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that AY:

(a)    is not a creditor, equity security holder or insider of any Debtor;

(b)    is not and was not an investment banker for any outstanding security of any Debtor;

(c)    has not been, within three years before the date of the filing of the Debtor's Chapter 11 petition, (i) an investment banker for a security of any Debtor or (ii) an attorney for such an investment banker in, connection with the offer; sale, or issuance of a security of any Debtor; and

(d)    was not, within two years before the date of filing of the Debtor's Chapter 11 petition, a director, officer, or employee of any Debtor or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

8.    In addition, to the best of my knowledge and based upon the

results of the relationship search described above and disclosed herein, AY neither holds nor represents an interest adverse to the Debtor within the meaning of Section 327(a) of the Bankruptcy Code.

        9.      In accordance with applicable provisions of the Bankruptcy Code, I hereby state that there is no agreement or understanding between AY and any other entity, other than a partner or an associate of AY, for the sharing of compensation received or to be received for services rendered in connection with this proceeding.

        10.     This Declaration is provided in accordance with Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: New York, New York
       July 20, 2023

*Brandon Polakoff* (signature)

Brandon Polakoff